IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PATRICK REYNOLDS, | Civil No. 04-48-AA |
| | OPINION AND ORDER |
| Plaintiff, | |
| vs. | |
| CASCADE CENTER, INC., and JOANNE BARNES, | |
| Defendants. | |

Patrick Reynolds
1668 Mahogany Court NE
Salem, Oregon 97301
    Plaintiff Pro Se

Ruth Hooper
Hoffman Hart & Wagner LLP
1000 SW Broadway, Suite 2000
Portland, Oregon 97205
    Attorney for defendant Joanne Barnes

Paul Cooney
David Madigan
Cooney & Crew, LLP
4949 Meadows Road, Suite 460
Lake Oswego, Oregon 97035
    Attorneys for defendant Cascade Centers, Inc.

AIKEN, Judge:

Defendants Joanne Barnes (Barnes) and Cascade Centers, Inc. (Cascade) move to dismiss plaintiff's action against them pursuant to Fed. R. Civ. P. 12(b)(6). Those motions are granted and this case is dismissed.

BACKGROUND

Plaintiff, represented by counsel, filed his initial complaint on January 14, 2004, alleging violations of 42 U.S.C. § 1981 and breach of contract. Plaintiff is an African American male employed by the Oregon Youth Authority (OYA), an agency of the State of Oregon. On January 14, 2002, plaintiff consulted privately with defendant Barnes, a mental health therapist employed by defendant Cascade Centers, Inc., concerning job-related stress he was experiencing. In his initial complaint, plaintiff alleged that Barnes violated his confidentiality by communicating to plaintiff's employer that plaintiff was a threat to his co-workers, his family, and to himself. Plaintiff alleged that pursuant to 42 U.S.C. § 1981, defendants, "with racial animus," interfered with plaintiff's "right to make and enforce contacts." Complaint, ¶ 17. Plaintiff also alleged that defendants' breached a contract that existed between the parties. Id. at ¶ 19. Finally, plaintiff alleged a claim for malpractice against defendants. Id. at ¶ 43.

///

On March 29, 2004, plaintiff, again represented by counsel, filed an Amended Complaint dispensing with his claims for breach of contract and malpractice and restating his claim for violation of § 1981. This action was then immediately stayed at the parties' joint request due to on-going litigation in another state. No discovery was conducted in the case at bar. In September 2005, this court lifted the stay pursuant to the parties' joint request based on the status of the out-of-state litigation.

On October 6, 2005, plaintiff's counsel moved this court for leave to withdraw based on a conflict of interest. Counsel's motion was granted and plaintiff was directed to contact the court if he found new representation. The court has had no contact with the plaintiff or any counsel for plaintiff to date.

On December 21 and 27, 2005, defendants filed the motions to dismiss at bar. Plaintiff's response was due on January 9, 2006. The court has not received any response to date. Therefore, the court will consider these motions unopposed.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470

U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

Defendants move to dismiss plaintiff's action for failure to prosecute and failure to state a claim. Fed. R. Civ. P. 12(b)(6). Defendants' motions to dismiss are granted for failure to prosecute. Defendants, through counsel, have made several attempts to contact plaintiff and obtain documents in response to discovery requests. To date, plaintiff has not produced any discovery, nor has plaintiff responded to any of defendants' written correspondence. Further, defense counsel represents that plaintiff's home phone number has been disconnected and no new phone number is available and/or known. Finally, a Notice of Deposition was sent to plaintiff at his last known address scheduling plaintiff's deposition for December 19, 2005, at 9:00 a.m. in the offices of defense counsel. Defense counsel appeared for the deposition, however, plaintiff failed to appear or otherwise contact defendants. Similarly, the court has had no contact with plaintiff.

Therefore, plaintiff's claim is dismissed for lack of prosecution and defendants' motions are granted.

///

CONCLUSION

Defendants Cascade's and Barnes' motions to dismiss (doc. 18, 20) are granted. This lawsuit is dismissed and all pending motions are denied as moot.

IT IS SO ORDERED.

Dated this _3_ day of February 2006.


                                            /s/ Ann Aiken
                                               Ann Aiken
                                    United States District Judge